This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROSEMARIE TAN,**

    Petitioner-Appellee,

**v.**                             **No. 32,392**

**PETER BARBEAU,**

    Respondent-Appellant

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

The Law Office of Rachel Kolman
Rachel Kolman
Taos, NM

for Appellee

Peter Barbeau
Las Vegas, NM

Pro Se Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

Respondent Peter Barbeau (Father) appeals from an order adopting the findings and recommendations of a domestic relations officer, by which the district court ultimately concluded that the courts of this State no longer have jurisdiction over

custody matters in this case. We issued a notice of proposed summary disposition, proposing to uphold the district court's determination. Father has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the district court erred, we affirm.

As we previously observed, the district court's determination is principally supported by the fact that Child and Mother have lived in North Carolina since 2003, such that Child no longer has a significant connection with the state and substantial evidence is no longer available here. *See generally* NMSA 1978, § 40-10A-202(a)(1) (2001). In his memorandum in opposition, Father does not challenge our analysis. Accordingly, we adhere to it.

In his memorandum in opposition Father asserts that the courts of this State must have lost jurisdiction as early as 2004. [MIO 1] However, neither the accuracy nor the relevance of this assertion is clear to us. The only issue before the district court below and this Court on appeal concerns the *present* jurisdiction of the courts of this State.

Father also continues to assert that the application of the laws of this State, including the UCCJEA, violates his constitutional rights by preventing him from developing a relationship with Child. [MIO 1-2] Because this argument is not clearly articulated, we will not undertake to analyze it with particularity. *See generally State*

*v. Urioste,* 2011-NMCA-121, ¶ 29, 267 P.3d 820 ("[T]his Court's policy is to refrain from reviewing unclear or undeveloped arguments which require us to guess at what [a party's] arguments might be[.]" (alterations in original) (internal quotation marks and citation omitted)). In closing, we acknowledge that compliance with applicable laws may present significant challenges. However, this does not diminish the validity of those laws. The courts of this State cannot disregard the jurisdictional limitations imposed by the UCCJEA. Nevertheless, Father is not precluded from pursuing his rights. He is simply required to present his arguments in the appropriate tribunal.

Accordingly, for the reasons stated, the judgment of the district court is affirmed.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**

3